**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KINGSLEY MADIKAEGBU**,<br><br>Plaintiff<br><br>v.<br><br>**GOOGLE LLC**,<br><br>Defendant. | Civil Action No. 1:26-02681 (CJN) |

**DEFENDANT GOOGLE LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Google LLC ("Google" or "Defendant"), by and through its undersigned counsel, hereby submits this Answer to Plaintiff Kingsley Madikaegbu's ("Plaintiff's") Complaint. To the extent any unnumbered headings in the Complaint contain any factual allegations, Google denies each and all of them. Google answers each numbered allegation as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Google admits that its Human Resources records indicate that Plaintiff is a citizen of the United States and Nigeria. Google admits that its Human Resources records indicate a Washington, D.C. home address for Plaintiff, effective March 23, 2024. Google lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1, and on that basis denies those allegations.

2. Google admits that it is a wholly-owned subsidiary of XXVI Holdings, Inc., which is incorporated in Delaware. Google admits that it maintains its corporate headquarters in California and that it employs more than 500 employees nationwide. The remaining allegations

in Paragraph 2 state legal conclusions to which no response is required. To the extent a response is required, Google denies, generally and specifically, each and every remaining allegation in Paragraph 2.

3. Google admits that Plaintiff purports to bring claims under the federal statutes set forth in Paragraph 3, but denies that Plaintiff has any valid claims against Google. The remaining allegations in Paragraph 3 state legal conclusions to which no response is required. To the extent a response is required, Google denies, generally and specifically, each and every remaining allegation in Paragraph 3.

4. Google lacks knowledge or information sufficient to form a belief as to the allegation of Plaintiff's purported citizenship for purposes of diversity jurisdiction, and therefore denies it. Google admits that the amount in controversy exceeds $75,000.00, but denies Plaintiff is entitled to any recovery in this action. The remaining allegations in Paragraph 4 state legal conclusions to which no response is required. To the extent a response is required, Google denies, generally and specifically, each and every remaining allegation in Paragraph 4.

5. Google denies that any "events or omissions" occurred "giving rise to Plaintiff's claims." Google lacks knowledge or information sufficient to form a belief as to the allegation of Plaintiff's purported work location in the District of Columbia and therefore denies it. The remaining allegations in Paragraph 5 state legal conclusions to which no response is required. To the extent a response is required, Google denies, generally and specifically, each and every remaining allegation in Paragraph 5.

6. Google admits that Plaintiff dual-filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the D.C. Office of Human Rights (Charge No. 570-2025-03117), which speaks for itself. Google admits the EEOC issued a notice

of right to sue to Plaintiff, which speaks for itself. Google lacks knowledge or information sufficient to form a belief as to the allegations related to Plaintiff's communications with the EEOC or the D.C. Office of Human Rights, and therefore denies them. The remaining allegations in Paragraph 6 state legal conclusions to which no response is required. To the extent a response is required, Google denies, generally and specifically, each and every remaining allegation in Paragraph 6.

## FACTUAL ALLEGATIONS

7. Google admits that Alphabet Inc. is its publicly-traded corporate parent, and avers that the revenues of Alphabet Inc. are reflected in its form 10-K, which speaks for itself. Google admits that Google Cloud is one of its business segments which generates revenues primarily from consumption-based fees and subscriptions for infrastructure, platform, applications, and other cloud services. The revenues, profitability, and year-over-year growth of Google Cloud are reported in Alphabet Inc.'s form 10-K, which speaks for itself. Google further admits that its Professional Services Organization ("PSO") is a team within Google Cloud. Except as expressly admitted herein, Google denies, generally and specifically, each and every remaining allegation in Paragraph 7.

8. Google admits that it hired Plaintiff for the position of Infrastructure Cloud Consultant, Google Cloud Professional Services. Google admits that Plaintiff's role involved consulting with enterprise clients. Google denies the allegations of Paragraph 8 to the extent they contain Plaintiff's subjective characterizations of Google clients, his job duties, or his performance. Except as expressly admitted herein, Google denies, generally and specifically, each and every remaining allegation in Paragraph 8.

9. Google lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 9, and therefore denies them.

10. Google admits that Plaintiff began reporting to Brown in March 2022. Google admits that Plaintiff was assigned a "Significant Impact" rating in his 2022 annual review, which was submitted by Brown, and which document speaks for itself. Google avers that Plaintiff's performance ratings from prior supervisors speak for themselves. The allegation that Plaintiff engaged in protected activity is a legal conclusion to which no response is required. Google denies the allegations of Paragraph 10 to the extent they contain Plaintiff's subjective characterization of his performance ratings. Except as expressly admitted herein, Google denies, generally and specifically, each and every remaining allegation in Paragraph 10.

11. Google admits that Plaintiff was assigned to an Apigee consulting project for GPC. Google lacks knowledge or information sufficient to form a belief as to the allegations of the date of Plaintiff's assignment to the project and other employees assigned to the project, and therefore denies them. Google avers that a kickoff meeting with GPC occurred on May 30, 2023, which Plaintiff attended, and therefore is informed and believed that Plaintiff was assigned to the project prior to that date. Except as expressly admitted herein, Google denies, generally and specifically, each and every remaining allegation in Paragraph 11.

12. Google denies, generally and specifically, each and every allegation in Paragraph 12, including Plaintiff's characterizations of any "difficulties" during the call.

13. Google admits that GPC requested Plaintiff's removal from the account, that Google complied with this customer request by removing Plaintiff from the project, and that Brown informed Plaintiff of this change in a meeting on May 31, 2023. Google lacks knowledge or information sufficient to form a belief as to the races of other employees who were assigned to

the project. Google denies the allegations in Paragraph 13 to the extent they imply that Google made any employment decision on the basis of race or any other protected characteristic. Except as expressly admitted herein, Google denies, generally and specifically, each and every remaining allegation in Paragraph 13.

14. Google admits that on June 1, 2023, Plaintiff asked Brown for further information regarding his removal from the GPC account. Except as expressly admitted herein, Google denies, generally and specifically, each and every remaining allegation in Paragraph 14.

15. Google admits that Plaintiff submitted feedback in Brown's manager survey in or around August 2023, which speaks for itself. Except as expressly admitted herein, Google denies, generally and specifically, each and every remaining allegation in Paragraph 15.

16. Paragraph 16 states legal conclusions to which no response is required. To the extent a response is deemed required, Google denies, generally and specifically, each and every allegation in Paragraph 16.

17. Google denies the allegations in Paragraph 17.

18. Google admits that a meeting between Brown and Plaintiff occurred on or about January 9, 2024. Google otherwise denies, generally and specifically, each and every remaining allegation in Paragraph 18.

19. Google denies the allegations in Paragraph 19.

20. Google denies the allegations in Paragraph 20.

21. Google denies the allegations in Paragraph 21.

22. Google admits that Plaintiff met with Brown on January 25, 2024. Google otherwise denies, generally and specifically, each and every remaining allegation in Paragraph 22.

23. Google admits that Brown delivered Plaintiff's 2023 annual review on or about January 25, 2024, which speaks for itself. Google admits that "Moderate Impact" is the second-lowest of five ratings in its GRAD performance rating system. Google otherwise denies, generally and specifically, each and every remaining allegation in Paragraph 23.

24. Google admits that, beginning in 2022, its employees receive one of five performance ratings categories: NE (not enough impact), M (moderate impact), S (significant impact), O (outstanding impact), and T (transformative impact). Google otherwise denies, generally and specifically, each and every remaining allegation in Paragraph 24.

25. Google denies the allegations of Paragraph 25.

26. Google admits the allegations in Paragraph 26.

27. Google admits the allegations in Paragraph 27.

28. Google admits that Brown returned from maternity leave in October 2024. Google otherwise denies, generally and specifically, each and every remaining allegation in Paragraph 28.

29. Google admits that Brown met with Plaintiff on November 1, 2024 to discuss his performance, and that Brown sent an email to Plaintiff that same day with the subject "Performance discussion recap email," which speaks for itself. Google otherwise denies, generally and specifically, each and every remaining allegation in Paragraph 29.

30. Google admits that Brown sent an email to Plaintiff on November 20, 2024, with the subject "Following up on Specific Feedback," which speaks for itself. Google otherwise denies, generally and specifically, each and every remaining allegation in Paragraph 30.

31. Google denies the allegations in Paragraph 31.

32. Google admits that Plaintiff emailed Brown on December 5, 2024, which email speaks for itself. Google otherwise denies, generally and specifically, each and every remaining allegation in Paragraph 32.

33. Google admits that Brown spoke with Plaintiff by phone on December 10, 2024, regarding his travel to Brazil. Google admits that Brown did not see Plaintiff's December 5 email until December 9, and that Brown informed Plaintiff of this. Google admits that Brown told Plaintiff that he did not follow the policy for international travel. Google otherwise denies, generally and specifically, each and every remaining allegation in Paragraph 33.

34. Google denies the allegations in Paragraph 34.

35. Google admits that Brown sent an email to Plaintiff on December 10, 2024, copying Dauphinée and Vu, which speaks for itself. Google otherwise denies, generally and specifically, each and every remaining allegation in Paragraph 35.

36. Google admits that Plaintiff sent an email to Dauphinée and Vu on December 18, 2024, which speaks for itself. Google otherwise denies, generally and specifically, each and every remaining allegation in Paragraph 36.

37. Google admits that its Employee Relations ("ER") team opened a workplace concerns investigation in December 2024 to review Plaintiff's concerns of discrimination. Google admits that Plaintiff was interviewed as part of this investigation on January 16, 2025. Google otherwise denies, generally and specifically, each and every remaining allegation in Paragraph 37.

38. Google admits that Brown met with ER on January 24, 2025. Google admits that Plaintiff was assigned a "Moderate Impact" performance rating for 2024, following multiple calibration sessions. Google admits that Brown submitted Plaintiff's final annual performance

rating on January 23, 2025. Google otherwise denies, generally and specifically, each and every remaining allegation in Paragraph 38.

39. Google lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39, and on that basis denies those allegations.

40. Google admits that it closed the ER review of Plaintiff's concerns after concluding any concerns of discrimination were unsubstantiated. Google admits that it provided coaching to Brown regarding the impact of sharing personal stories and how to appropriately escalate employee concerns. Google lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40, and on that basis denies those allegations.

41. Google admits that ER provided coaching feedback to Brown on January 24, 2025. Google admits that Brown submitted the Request to Terminate Plaintiff's employment on February 5, 2025, and that Dauphinee and Florendo provided their approvals that same day. Google otherwise denies, generally and specifically, each and every remaining allegation in Paragraph 41.

42. Google avers that the Request to Terminate document speaks for itself. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported call between Plaintiff and Brown on December 10, 2024, and on that basis denies those allegations. Google otherwise denies, generally and specifically, each and every remaining allegation in Paragraph 41.

43. Google admits that Brown informed Plaintiff of the decision to terminate his employment on or about February 6, 2025. Google admits that Plaintiff's last day of employment at Google was February 15, 2025. Google lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 43, and on that basis denies those allegations

44. Google denies the allegations in Paragraph 44.

45. Google denies the allegations in Paragraph 45.

**CAUSES OF ACTION**

**COUNT I**

46. Google incorporates by reference its responses to all preceding paragraphs.

47. Paragraph 47 consists of legal conclusions to which no response is required. To the extent a response is required, Google avers that the statute speaks for itself, and otherwise denies any remaining allegations inconsistent therewith in Paragraph 47.

48. Google admits the allegations in Paragraph 48.

49. Google denies the allegations in Paragraph 49.

50. Google denies the allegations in Paragraph 50.

51. Google denies the allegations in Paragraph 51.

52. Google denies the allegations in Paragraph 52.

53. Google denies the allegations in Paragraph 53.

**COUNT II**

54. Google incorporates by reference its responses to all preceding paragraphs.

55. Paragraph 55 consists of legal conclusions to which no response is required. To the extent a response is required, Google avers that the statute and precedent speak for

themselves, and otherwise denies any remaining allegations inconsistent therewith in Paragraph 55.

56. Google admits that Plaintiff identifies as a Black man, according to Google's records. The remaining allegations in Paragraph 56 consist of legal conclusions to which no response is required. To the extent a response is required, Google avers that the statute speaks for itself.

57. Paragraph 57 consists of legal conclusions to which no response is required. To the extent a response is required, Google admits that an employment relationship existed between Google and Plaintiff. Google avers that the statute speaks for itself, and otherwise denies any remaining allegations inconsistent therewith in Paragraph 57.

58. Google denies the allegations in Paragraph 58.

59. Google denies the allegations in Paragraph 59.

60. Google denies the allegations in Paragraph 60.

61. Google denies the allegations in Paragraph 61.

## COUNT III

62. Google incorporates by reference its responses to all preceding paragraphs.

63. The allegations in Paragraph 63 are conclusions of law to which no response is required.

64. Google admits that Plaintiff is a former employee of Google. The remaining allegations in Paragraph 64 are conclusions of law to which no response is required.

65. Google denies the allegations in Paragraph 65.

66. Google denies the allegations in Paragraph 66.

67. Google denies the allegations in Paragraph 67.

68. Google denies the allegations in Paragraph 68.

69. Google denies the allegations in Paragraph 69.

## PRAYER FOR RELIEF

Answering Plaintiff's Prayer for Relief, Google denies that Plaintiff has been damaged in any amount or is entitled to any of the relief requested in the Complaint.

## DEMAND FOR A JURY TRIAL

Defendant admits that Plaintiff purports to demand a trial by jury on all issues so triable.

## DEFENDANT'S DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Google's employment decisions with respect to Plaintiff were based on legitimate, nondiscriminatory and non-retaliatory factors.

### THIRD DEFENSE

Google did not commit the acts or omissions alleged in the Complaint for retaliatory motives, but assuming that it did, such acts or omissions would have been taken even in the absence of Plaintiff's protected status or protected activity.

### FOURTH DEFENSE

Plaintiff's claims are barred to the extent they were not asserted within the applicable statutes of limitation, including, for example, instances of alleged harassment that predate the start of the relevant statutory period.

FIFTH DEFENSE

To the extent Plaintiff makes allegations or claims under the DCHRA based on employment decisions made and whose effects were felt entirely outside of the District of Columbia, the Court lacks jurisdiction with respect to any such matter.

SIXTH DEFENSE

Plaintiff's claim premised on hostile work environment, the existence of which is expressly denied, is barred because Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Google.

SEVENTH DEFENSE

Plaintiff's claims and/or damages are barred and/or limited, because Google had in place a policy to prevent discrimination and retaliation in the workplace and made good faith efforts to implement and enforce that policy.

EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate any of his alleged damages.

NINTH DEFENSE

Plaintiff may not recover damages in this action because, under the circumstances presented, that would constitute unjust enrichment.

TENTH DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff has not alleged facts sufficient to support an award of compensatory damages and/or reinstatement.

***

Google respectfully reserves the right, pending completion of discovery, to assert any additional defenses that may exist.

***

WHEREFORE, Google respectfully requests that the Complaint be dismissed with prejudice in its entirety and that Google be awarded its attorneys' fees, costs, expenses, and such other and further relief as the Court deems just and proper.

DATED: September 18, 2026

PAUL HASTINGS LLP

By: */s/ Carson Sullivan*

Carson Sullivan (D.C. Bar No. 488139)
carsonsullivan@paulhastings.com
Madalyn K. Doucet (D.C. Bar No. 1600121)
madalyndoucet@paulhastings.com
PAUL HASTINGS LLP
2050 M Street N.W.
Washington, DC 20036
Telephone: 1(202) 551-1700
Facsimile: (202) 551-1705

*Attorneys for Defendant*
*GOOGLE LLC*